[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RESPONDENT'S MOTION TO TERMINATE SUSPENSION (#136) DATED SEPTEMBER 10, 2002
The respondent's motion to terminate suspension is denied. The court finds the following facts:
1. Ridgely Brown was ordered to submit the fee matter at issue to fee arbitration within sixty days of October 16, 1998 by the Statewide Grievance Committee.
2. Ridgely Brown did not comply with that order.
3. On March 21, 2000, after hearing, among other orders, this court ordered Ridgely Brown to submit to fee arbitration immediately.
4. On March 27, 2000, this court stayed the respondent's suspension pending appeal but did not stay the order for immediate arbitration. In fact, it clearly says "not stayed as to fee arbitration."
5. Therefore, from that date to the present Ridgely Brown has been under a continuous order for fee arbitration.
6. On Motion #122 this court on July 15, 2000 ordered the arbitration to proceed within 20 days, and specifically ruled that no evidence of the violation of any disciplinary rule would be admissible in the fee arbitration hearing if it was held at that time.
7. On July 14, 2000, Ridgely Brown submitted a proposed order for arbitration which was rejected, that said in Paragraph 1 "Brown shall submit to arbitration."
8. Thereafter, the Appellate Court affirmed this court's order.
9. Thereafter, in Motion #130 on May 21, 2002, there was a request that CT Page 12408 the arbitration not be held for the reasons set forth therein. This court reiterated its previous orders and said "no reinstatement shall take place until the fee arbitration has been completed."
The court is aware of Ridgely Brown's attempts to have the Fee Arbitration done by attorneys Banbury and Dubois in the last half of October, most likely the third week of October.
In the event that this arbitration proceeds to conclusion, Ridgely Brown may petition this court for immediate reinstatement to the Bar. In the event that the arbitration is not held through no fault of Ridgely Brown, Ridgely Brown may petition the court for immediate reinstatement. The court at that time will review all of the circumstances, then and there existing, concerning its original orders of March 21, 2000.
The court notes in passing that exactly what brought Ridgely Brown to the court in the first place, his failure to conduct the Fee Arbitration is still the issue, almost four years later.
KARAZIN, J. CT Page 12409